Eric L. Dirks (*pro hac vice forthcoming*)
WILLIAMS DIRKS DAMERON LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone: (816) 945-7110
Facsimile: (816) 945-7118
dirks@williamsdirks.com

Michael Hodgson (*pro hac vice forthcoming*)
THE HODGSON LAW FIRM, LLC
3609 SW Pryor Road
Lee's Summit, Missouri 64082
mike@thehodgsonlawfirm.com
o: 816-600-0117
f: 816-600-0137

Timothy R. West, CA Bar #342526
THE WEST LAW FIRM
7021 Seal Cir.
Huntington Beach, CA 92648
tim@timwestlawfirm.com
Telephone: (816) 797-2762

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAU CHARBONNEAU, Individually and on behalf of a class of similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BROKER SOLUTIONS, INC. a/k/a NEW AMERICAN FUNDING, LLC, <br><br> Defendant. | Case No. 8:23-cv-01007 <br><br> **COLLECTIVE ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Plaintiff, by and through his undersigned counsel, for his Complaint against Defendant hereby states and alleges as follows:

1. Defendant provides identifies and facilitates the sale of mortgages to consumers nationwide. Defendant's policy and practice was to deny its loan officers (also known as "Loan Associates" or "LAs") earned overtime pay. Defendant's intentional failure to pay its LAs all of their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA").

2. Plaintiff previously worked as an LA at one of Defendant's retail banking locations in Overland Park, Kansas.

## JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant resides in this District and a substantial part of the events giving rise to the claims occurred in this jurisdiction.

## PARTIES

5. Defendant, Broker Solutions, Inc. a/k/a New American Funding, LLC ("New American Funding" or "NAF"), has its principal place of business in Tustin, California. Defendant employed Plaintiff, and numerous others, as an LA.

6. Plaintiff Beau Charbonneau was employed by Defendants as an LA in

1

COLLECTIVE ACTION COMPLAINT                          No. 8:23-CV-01007

Overland Park, Kansas. Plaintiff's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

## FACTS

7. Plaintiff began working for Defendant as an LA in February of 2020 and terminated his employment on or about February 15, 2023.

8. The primary job of Plaintiff as an LA was to sell New American Funding's mortgage loan products to potential borrowers.

9. LAs and other loan officers communicated with potential customers via the internet, including email, or the telephone.

10. LAs had no authority or discretion to approve or disapprove a loan.

11. LAs, including Plaintiff, worked primarily in the office (including their home office) selling New American Funding's mortgage products. Plaintiff had an assigned office and dedicated phone line. Plaintiff was expected to maintain regular office hours and be ready to take inbound calls throughout the day, generally from 7AM to 9PAM and frequently took calls before and after those hours.

12. In or around March 2020, all LAs were instructed that they must work from home.

13. Unlike at other banks and mortgage companies, New American Funding focuses on leads from internal sources using its technological expertise. In fact, LAs receive their customer leads internally from New American Funding rather than having to generate leads on their own.

14. Plaintiff would receive phone call leads from New American funding throughout the day and did not have to generate leads from his own sources or do any outside marketing.

15. Although New American Funding claimed that Plaintiff and the Class were "outside salespersons," this was not the economic reality of the position. This is for at least two reasons. First, New American Funding's business model created abundant leads in house.[1] Second, for the last three years, Covid protocols have made it unfeasible to generate organic leads or to sell away from the office.[2]

16. New American Funding specifically states to all of its loan officer recruits that there is no need to generate outside leads because it provides "100% live inbound calls from radio, tv and direct mail."

17. Despite this, New American Funding classified all LAs, including Plaintiff, as exempt from overtime pay.

18. Plaintiff and LAs do not fall within any overtime exemption from the FLSA.

19. Plaintiff and other LAs were paid on a commission basis and were not paid a salary or hourly pay.

20. Plaintiff and other LAs were not paid minimum wages in months when their commissions did not reach the minimum wage because any draw amounts were

---

[1] New American Funding's recruiting website for loan officers states: "We're relentless with our tech innovations and our award winning marketing teams keeps the phone ringing with premium leads."

[2] New American Funding's website states that "Although we may be limited to phone calls and video chats, our culture remains strong and our employees remain united as we shifted to a largely work-from-home environment."

recoverable and set off against future earnings.

21. Plaintiff and other LAs worked more than 40 hours per week.

22. Plaintiff regularly worked workweeks of 60 hours or more.

23. Plaintiff and other LAs were not required to record their time worked and New American Funding failed to maintain accurate time records as required by the FLSA. Plaintiff and other LAs were not paid for their overtime hours.

24. The net effect of New American Funding's policy and practice, instituted and approved by company managers, is that New American Funding willfully failed to pay minimum wages and overtime compensation and willfully failed to keep accurate time records in order to save payroll costs.

25. New American Funding enjoys ill-gained profits at the expense of Plaintiff and other LAs.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

26. Plaintiff hereby incorporates by reference the paragraphs 1 through 26 of this Complaint into this count.

27. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, et seq. The FLSA regulates, among other things, the payment of minimum wages and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce

or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

28. New American Funding is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

29. New American Funding violated the FLSA by failing to pay minimum wages and overtime on hours worked in excess of forty per week. In the course of perpetrating these unlawful practices, the NAF has also willfully failed to keep accurate records of all hours worked by its employees. NAF also violated the FLSA by failing to properly calculate and pay overtime on all of Plaintiff's regular earnings.

30. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

31. Defendants employ numerous other LAs nationwide.

32. Defendants improperly compensate their LAs as exempt employees under the FLSA not entitled to receive overtime.

33. The FLSA requires each covered employer, such as Defendants, to pay minimum wages and to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

34. All LAs working for or who have worked for Defendants are similarly situated in that they all perform or performed essentially the same respective job

COLLECTIVE ACTION COMPLAINT   No. 8:23-CV-01007

functions.

35. All LAs are similarly situated in that they are or were all subject to Defendants' same compensation policy, plan, or procedure that pays LAs on a straight commission without paying them minimum wages or overtime. This denies LAs compensation for services performed, and denies them their minimum wages and overtime compensation. Defendants' conduct violates the FLSA.

36. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA, on behalf of:

> All LAs (including loan originators with a different title but whose primary duty was to sell loans who were not eligible for overtime pay), employed by Defendant within the past three years from the commencement of this action.

37. Excluded from the collective action are any individuals with a valid arbitration agreement that covers this litigation.

38. The number and identity of other LAs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential class members may easily and quickly be notified of the pendency of this action.

39. Defendants failed to compensate Plaintiff and the LAs at minimum wages and at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. § 207(a)(1).

40. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

41. Plaintiff, on behalf of himself and all similarly situated employees of Defendants who compose the LAs, seek damages in the amount of all respective unpaid minimum wages, overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

42. Plaintiff, on behalf of himself and all similarly situated employees of Defendants who compose the group of LAs, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

43. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

WHEREFORE, Plaintiff demands judgment against Defendants and prays for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided

by law; and (5) such other relief as the Court deems fair and equitable.

DATED: June 9, 2023　　　　　　　Respectfully Submitted,

/s/ Timothy R. West
Timothy R. West, CA Bar #342526
THE WEST LAW FIRM
7021 Seal Cir.
Huntington Beach, CA 92648
tim@timwestlawfirm.com
Telephone: (816) 797-2762

WILLIAMS DIRKS DAMERON LLC
/s/ Eric L. Dirks
Eric L. Dirks (*pro hac vice forthcoming*)
1100 Main Street, Suite 2600
Kansas City, MO 64105
dirks@williamsdirks.com
o: 816-945-7110
f: 816-945-7118

THE HODGSON LAW FIRM, LLC
/s/ Michael Hodgson
Michael Hodgson (*pro hac vice forthcoming*)
3609 SW Pryor Road
Lee's Summit, Missouri 64082
mike@thehodgsonlawfirm.com
o: 816-600-0117
f: 816-600-0137

*Counsel for Plaintiffs and the Proposed Class*